UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| TRACY CATES, | § | |
| | § | |
| Plaintiff | § | |
| | § | CAUSE OF ACTION: |
| v. | § | |
| | § | 1:20-cv-01258 |
| CITY OF AUSTIN and JOHN DOE, | § | |
| | § | |
| Defendants | § | |
| | § | |
| | § | |

**PLAINTIFFS' ORIGINAL COMPLAINT**

Plaintiff Tracy Cates brings this 42 U.S.C. § 1983 case against the City of Austin and Austin Police Department Officer John Doe for the brutal and excessive force they inflicted on her as she was peacefully exercising her right to assemble and protest and was doing absolutely nothing wrong.

## I. PARTIES

1. Plaintiff Tracy Cates is a resident of Michigan.

2. Defendant, CITY OF AUSTIN, is a municipality that operates the Austin Police Department and may be served through its City Clerk at 301 W. 2nd Street, Austin, TX 78701. The City's policymaker for policing matters is Police Chief Brian Manley. *Service is hereby requested at this time.*

3. Defendant John Doe is a police officer with the Austin Police Department, and is sued in his individual capacity for compensatory and punitive damages. He can be served with process at 715 E. 8th Street, Austin, Texas, 78701. At all relevant times, John Doe was acting under color of law as an Austin Police Department officer.

## II. JURISDICTION AND VENUE

4.   As this case is brought pursuant to 42 U.S.C. § 1983, this Court has federal question subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

5.   This Court has general personal jurisdiction over Defendants as they reside and/or work in Travis County, Texas.

6.   This Court has specific *in personam* jurisdiction over Defendants because this case arises out of conduct by Defendants that injured Plaintiff Tracy Cates, and which occurred in Travis County, Texas, which is within the Western District of Texas.

7.   Venue of this cause is proper in the Western District pursuant to 28 U.S.C. § 1391(b) because a substantial portion of the events or omissions giving rise to Plaintiffs' claims occurred in Travis County, which is within the Western District of Texas.

## III. FACTS

8.   On May 30, 2020, Tracy Cates, a 51 year old mother and grandmother visiting Austin, went to show support for people demonstrating against police brutality.

9.   Instead of permitting her to peacefully support the protests against police brutality, an APD officer shot her with a dangerous projectile.

10. Cates posed no threat to anyone at any time prior to being shot.

11. She was unarmed.

12. She was doing nothing that could conceivably be perceived as threatening to anyone.

13. She was completely and totally innocent.

14. Despite this, APD Officer John Doe inexplicably and unreasonably shot her with a dangerous projectile.

15. The shot caused Plaintiff to suffer injuries and pain.

16. Plaintiff was just one of many innocent people APD officers used excessive force against on May 30 and May 31 who were doing nothing more than protesting against police brutality in the wake of the George Floyd killing.

17. In fact, on May 30, 2020, APD overreacted numerous times and used chilling, excessive force on multiple individuals, including, among others, Jason Gallagher, Levi Ayala, Jose Herrera, and Steven Arawn.

18. While numerous people had been injured by APD, including several who had suffered serious injuries from projectiles improperly fired by APD on May 30, 2020, rather than correct this unconstitutional behavior by his officers of which he was aware, Chief Manley and his senior leadership authorized APD to continue to fire dangerous projectiles at innocent people and into crowds on May 31, 2020 as well.

19. As a consequence, APD officers shot numerous other defenseless individuals with dangerous projectiles on May 31, 2020.

20. One of the many innocent individuals APD shot in the head was Justin Howell, a twenty-year-old Black student who had done nothing wrong and was merely exercising his clearly-established First Amendment rights.

21. In fact, APD Chief of Police, Brian Manley admitted Howell had done nothing wrong.

22. Incredibly, an APD officer also shot a civilian medic, Maredith Drake, with a projectile while she had her hands up and was simply trying to get the severely injured Howell to safety.

23. Thus, police used excessive force against Drake.

24. Upon information and belief, when Doe shot Cates, he was also substantially motivated by his opposition to the demonstrators' message that police violence must end.

25. In any event, Doe's attack on Cates (*i.e.* – shooting her with a dangerous projectile) was unreasonable.

26. Moreover, the attack would chill a person of ordinary firmness from continuing to engage in protected speech and assembly.

27. Numerous APD officers watched Doe shoot Cates, and upon information in belief, others, but not one officer intervened to stop the shooting, just as no one intervened to stop the prior or subsequent shootings.

28. Upon information and belief, Doe has not been disciplined by APD for using excessive force against Cates. Likewise, upon information and belief, neither Chief Manley nor any of Doe's supervisors have been disciplined for tolerating, authorizing, or endorsing this type of despicable and unconstitutional conduct.

29. This lack of discipline as to senior leaders and Manley himself is all the more shocking as Chief Manley agrees that numerous individuals were victims of excessive force by APD officers on May 30 and May 31.

30. Moreover, APD Chief of Police, Brian Manley, adopted policies that authorized or tolerated this unreasonable, unnecessary and brutally excessive force even though Chief Manley had long known of the dangers of firing projectiles into crowds and at defenseless persons, and was actually aware that projectiles fired from shotguns had been unreasonably used multiple times on May 30, 2020 and, upon information and belief, prior to the attack on Cates. Despite this, and Manley's awareness of the severe injuries caused by them, APD policies – and Manley – authorized their use.

31. Chief Manley knew, as any reasonable policymaker capable of rational thought would also know, that as a direct consequence of such practices, innocent people like Plaintiff would be injured and victimized, and their constitutional rights violated.

32. And, in fact, numerous other people suffered severe and devastating injuries as a result of APD's practices and excessive force on May 30, 2020 and May 31, 2020.

33. According to Dell Medical Center's physicians, seven victims required surgical interventions and four victims retained portions of the "beanbag" shotgun rounds in their bodies/heads.

34. According to doctors at Dell, victims suffered intercranial hemorrhages, depressed skull fractures, depressed frontal bone fracture, concussions, fractured jaws and brain damage.

35. After ignoring the pattern of excessive force on May 30, 2020 and again on May 31 2020, multiple members of the City Council called for Manley to be removed as APD's Chief of Police.

36. Following the calls to remove him, Chief Manley acknowledged the obvious, the policies at the Austin Police Department concerning the use of bean bag shotguns were dangerously flawed and he agreed to change them – a change any reasonable policymaker should have known to have made prior to Plaintiff being shot.

### IV. CAUSES OF ACTION

#### A. FOURTH AND FOURTEENTH AMENDMENT EXCESSIVE FORCE – AS TO DEFENDANT JOHN DOE

37. APD Officer John Doe, while acting under color of law, used excessive force on Tracy Cates when she posed no danger to anyone.

38. APD Officer John Doe's use of force was wholly excessive to any conceivable need, objectively unreasonable in light of clearly established law, and directly caused Plaintiff Cates to

suffer serious injuries. Therefore, APD Officer John Doe violated Cates' clearly established Fourth Amendment right to be free from excessive force and unreasonable seizure.

39. As a direct and proximate result of APD Officer John Doe's actions, Cates suffered and continues to suffer significant injuries.

**B.  FIRST AMENDMENT RETALIATION – AS TO DEFENDANT JOHN DOE**

40.  Plaintiff incorporates the preceding paragraphs as if alleged herein.

41. The First Amendment's protections for free speech and assembly prohibit agents of the government from subjecting an individual, like Cates, to retaliation for engaging in protected speech rights.

42. Cates exercised her free speech and assembly rights by attending the demonstration against police violence.

43. Upon information and belief, Doe's use of force against Cates was substantially motivated by his disagreement with the content of Cates' speech. Upon information and belief, Doe shot Cates because Doe disagreed with Cates' right to assemble and/or her protected speech.

**C.  PUNITIVE/EXEMPLARY DAMAGES – AS TO DEFENDANT JOHN DOE**

44. Plaintiff incorporates the preceding paragraphs as if alleged herein.

45. Defendant's conduct was egregious, reckless, and endangered countless community members. Plaintiff seeks punitive damages as well to deter future uses of such excessive force.

**D.  FIRST, FOURTH AND FOURTEENTH AMENDMENT § 1983 *MONELL* CLAIM – AS TO DEFENDANT CITY OF AUSTIN ONLY**

46. Plaintiff incorporates the preceding paragraphs as if alleged herein.

47. The City of Austin, had the following policies, practices, or customs in place when APD Officer John Doe unreasonably shot Plaintiff Cates:

      a.   Shooting kinetic projectiles into crowds where innocent people could be injured;

b.  Using, authorizing, and/or tolerating excessive force against non-violent protestors;

c.  Failing to adequately discipline officers;

d.  Failing to adequately supervise officers;

e.  Failing to adequately train officers concerning de-escalation of force, crowd control, use of force against non-violent protestors, and the use or misuse of kinetic projectiles

f.  Failing to train officers regarding demonstrators' free speech and assembly rights;

g.  Not intervening to stop constitutional violations, including excessive force;

h.  Failing to train or instruct officers about specific incidents it considers unreasonable, excessive force, or in violation of the Constitution;

i.  Using expired munitions.

48. Each of the policies, practices, or customs delineated above was actually known, constructively known and/or ratified by City of Austin and Chief of Police, Brian Manley, and was promulgated with deliberate indifference to Cates' First, Fourth and Fourteenth Amendment rights under the United States Constitution.  Moreover, the known and obvious consequence of these policies, practices, or customs was that Austin Police Department officers would be placed in recurring situations in which the constitutional violations described within this complaint would result.  Accordingly, these policies also made it highly predictable that the particular violations alleged here, all of which were under color of law, would result.

49. Consequently, the policies delineated above were a moving force of Plaintiff's constitutional deprivations and injuries, and proximately caused severe damages.

50. Moreover, Chief Manley and senior level APD superiors knew that multiple officers had violated individuals' right to speech and assembly, and had used excessive force at the protests on May 30 and again on May 31. As a consequence of them not stopping the abusive tactics, they caused numerous people, including Plaintiff, to suffer serious injuries. Thus, they encouraged,

authorized, condoned and ratified the abuse. Accordingly, the City is also liable directly for its policymakers' misconduct and failure to adequately supervise, train, and stop APD officers from using excessive force and violating protestors' first amendment and equal protection rights, which was a proximate cause of Plaintiff's deprivation of rights and injuries.

51. Plaintiff brings this claim pursuant to 42 U.S.C. § 1983.

## V.  DAMAGES

52. Plaintiff seeks the following damages:

    a.  Past and future medical expenses

    b.  Past and future physical pain and mental anguish;

    c.  Past and future impairment;

    d.  Past and future disfigurement;

    e.  Exemplary/Punitive damages as to Defendant Doe; and

    f.  Attorneys' fees pursuant to 42 U.S.C. § 1988.

## VI. PRAYER FOR RELIEF

53. To right this injustice, Plaintiff requests the Court:

    a.  Award compensatory damages against the City of Austin, and compensatory and punitive damages against the individual Defendants, including APD Officer John Doe;

    b.  Award Plaintiff costs and fees, including but not limited to expert fees and attorneys' fees, pursuant to 42 U.S.C. § 1988;

    c.  Award pre-judgement and post-judgment interest at the highest rate allowable under the law; and,

    d.  Award and grant such other just relief as the Court deems proper.

Dated: December 30, 2020

Respectfully submitted,

**EDWARDS LAW**
1101 East 11th Street
Tel.  512-623-7727
Fax.  512-623-7729


By /s/ *Jeff Edwards*
JEFF EDWARDS
State Bar No. 24014406
jeff@edwards-law.com
SCOTT MEDLOCK
State Bar No. 24044783
scott@edwards-law.com
MIKE SINGLEY
State Bar No. 00794642
mike@edwards-law.com
DAVID JAMES
State Bar No. 24092572
david@edwards-law.com


**ATTORNEYS FOR PLAINTIFF**